MORGAN, LEWIS & BOCKIUS LLP
Douglas R. Hart, Bar No. 115673
Jacqueline Dack, Bar No. 358780
douglas.hart@morganlewis.com
jacqueline.dack@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:   +1.213.612.2500
Fax:  +1.213.612.2501

Attorneys for Plaintiff
AIRGAS USA, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRGAS USA, LLC<br><br>Plaintiff,<br><br>vs.<br><br>TEAMSTERS LOCAL 542, and INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br><br>Defendants. | Case No. 3:25-cv-1889-RBM-MMP<br><br>**AMENDED COMPLAINT FOR BREACH OF CONTRACT UNDER SECTION 301 OF THE LABOR MANAGEMENT RELATIONS ACT** |

**AMENDED COMPLAINT FOR BREACH OF CONTRACT BASED ON DEFENDANTS' VIOLATION OF COLLECTIVE BARGAINING AGREEMENT**

Plaintiff Airgas USA, LLC ("Airgas" or "Plaintiff"), by its counsel, Morgan Lewis & Bockius, LLP, brings this Complaint and alleges as follows:

### I.   SUMMARY OF THE ACTION

1.   This is an action for breach of contract under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, committed by Defendants

Teamsters Local 542 ("Local 542") and the International Brotherhood of Teamsters ("IBT") (collectively referred to herein as "Defendants" or "the Union").

2.  By this action, Plaintiff: (i) seeks a declaration that the Defendants must do everything in their power to prevent the extension of picket lines and may not call, cause, authorize, ratify or engage in a sympathy strike or other strike, picketing, walkout, slowdown, or work stoppage, or any other interference with production or stoppage of work at Airgas's facility located at 9010 Clairmont Mesa Boulevard, San Diego, California (the "San Diego facility"); and (ii) seeks monetary damages from Defendants for the substantial economic harm caused by Local 542's breach of its labor contract with Airgas.

3.  Plaintiff and Local 542 are parties to a collective bargaining agreement ("CBA"), entered into as of June 1, 2024, with an expiration date of May 31, 2027.

4.  The CBA includes a no strike clause in Article 22, which prohibits Local 542 from calling, causing, authorizing, ratifying, or engaging a strike, picketing or other interference with production or stoppage of work at the San Diego facility during the term of the CBA. Article 21 of the CBA additionally states that Local 542 will do everything in its power to prevent picket lines from being extended to the San Diego facility.

5.  Local 542, acting in concert with the IBT, called, caused, authorized, ratified, and engaged in strikes and picketing at the San Diego facility and incentivized and encouraged employees to participate in that strike in violation of Articles 21 and 22 of the CBA.

6.  As a result of Defendants' breaches of the CBA, Plaintiff has incurred additional costs in order to ensure the timely and orderly delivery of its products to its customers, including to medical facilities that use Plaintiff's products in order to operate on and care for patients, causing damages of approximately $200,000 to date.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

AMENDED COMPLAINT
3:25-CV-1889-RBM-MMP

7. Despite Plaintiff's efforts to communicate with Local 542 about its breach of the CBA, Local 542, acting in concert with the IBT, has continued to engage in violations of the CBA.

## II. THE PARTIES

8. Plaintiff is a corporation headquartered in Radnor, Pennsylvania and incorporated in the State of Delaware. Plaintiff is a leading U.S. supplier of industrial, medical, and specialty gases, and is an employer in an industry affecting commerce, within the meaning of Section 301 of the LMRA, and the definitions contained in Sections 2(2) and 501(1) and (3) of the LMRA, 29 U.S.C. § 152(2) and 29 U.S.C. § 142(1) & (3).

9. Defendant IBT is a labor organization representing employees in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(5) & 185.

10. Defendant Local 542 is a labor organization representing employees in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(5) & 185. Local 542 is the exclusive bargaining representative for Plaintiff's employees at the San Diego facility.

## III. JURISDICTION AND VENUE

11. This is an action between an employer and labor organizations representing employees in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

12. Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and because Local 542 maintains its principal office and place of business in San Diego, California.

## IV. THE COLLECTIVE BARGAINING AGREEMENT

13. Plaintiff and Local 542 are parties to a valid and enforceable CBA, which is effective from June 1, 2024 to May 31, 2027.

14. Articles 21 and 22 of the CBA provides, in relevant part:

**Article 21 – Crossing Picket Lines**: The Union is not in favor of picket lines and will do everything in its power to prevent the extension of such to the location covered by this Agreement and will not require its members to recognize any such picket until it has been approved by the Joint Council of the Teamsters in the territory in which the strike takes place.

**Article 22 – No Strike or Lockout**:

**Section 1**: During the term of this Agreement, or any extension of this Agreement, the Employer shall not lock out the employees covered by this Agreement, and no strike shall be engaged in or sanctioned by the Union or its members, and neither the Union, nor any of its members or representatives, nor any employee, shall call, cause, authorize, ratify or engage in any sit-down, stay-in, sympathy strike or other strike, picketing, walkout, slowdown, or work stoppage, or any other interference with production or stoppage of work.

V. **THE STRIKE AT THE LINCOLN PARK, NJ FACILITY**

15. IBT Local 701 represents workers at Plaintiff's Lincoln Park, NJ facility, located at One Frassetta Way, Suite D, Lincoln Park, New Jersey 07035 (the "Lincoln Park facility").

16. Plaintiff was a party to a CBA with Local 701 which was in effect from May 1, 2022 through April 30, 2025.

17. Plaintiff and Local 701 began negotiating a successor CBA in March 2025 and after several bargaining sessions, and after a brief extension of the contract until May 21, 2025, no agreement was reached prior to the expiration of the CBA.

18. On June 2, 2025, Local 701 went on strike, and is currently still on strike.

## VI. THE STRIKE AT THE VALLEY VIEW, OH FACILITY

19. IBT Local 507 represents workers at Plaintiff's Valley View, OH facility, located at 5420 Warner Rd, Valley View, OH 44125 (the "Valley View facility").

20. Plaintiff and Local 507 began negotiating an initial CBA in November 2024, and after several bargaining sessions, no agreement has been reached.

21. On June 23, 2025, Local 507 went on strike, and is currently still on strike.

## VII. DEFENDANTS EXTENDED PICKET LINES FROM THE LINCOLN PARK FACILITY AND OTHER FACILITIES TO THE SAN DIEGO FACILITY

22. On July 22, 2025 the IBT publicly communicated that "[t]he Teamsters have expanded their nationwide strike against Airgas," from facilities in North Brunswick, New Jersey and Cleveland, Ohio to locations in other states, including California. The IBT stated that Airgas is "facing a major disruption to its operations" as a result of these actions.

23. On July 22, 2025, picketers were stationed outside of Plaintiff's San Diego facility. Some of the picketers wore T-shirts that said "Local 507" on them. The vast majority of Plaintiff's employees at the San Diego facility refused to cross the picket line and did not appear for work.

24. The picket line in front of the San Diego facility returned on July 23 and 24, 2025, and once again Plaintiff's employees at the San Diego facility refused to cross the picket line and did not appear for work.

25. On July 29, 2025, after workers at an Airgas facility in Hawaii went on strike, Juan Campos, Director of the Teamsters Tankhaul Division and Teamsters International Vice President At-Large was quoted as saying, "Airgas picked a fight

with the Teamsters from across the country, and Hawaii is now part of our fight, too. . . This company will be held accountable for its greed, its incompetence, and its total disregard for its workforce. Our members will never back down until they get the contracts they deserve."

## VII. DEFENDANTS ENCOURAGED AND INCENTIVIZED SAN DIEGO EMPLOYEES TO ENGAGE IN WORK STOPPAGES

26. In a flyer distributed at the San Diego facility, Local 542 admitted that it could not call a sympathy strike because the CBA prohibited such a strike, but it promised any employee $1,000 a week if they did not cross a picket line. Furthermore, the flyer encouraged employees to participate in the strike by saying "SOLIDARITY IS OUR STRENGTH."

27. Since the picketing began at the San Diego facility, the IBT has instigated, supported, and encouraged workers to not cross the picket lines by sending checks from the IBT's "Strike and Defense Fund" to bargaining unit members of Local 542, for $1,000 a week.

28. Pursuant to the CBA, Local 542 has a duty to "do everything in its power to prevent the extension of [picket lines]," yet has failed do so. Instead, Local 542 has handed out flyers encouraging and incentivizing employees to refuse to cross a picket line at the San Diego facility and participate in a sympathy strike, directly violating the CBA.

29. Multiple of Plaintiff's employees have reported that Union representatives contacted them on July 22 and 23, 2025 and attempted to persuade them to honor the strike and not cross the picket line.

30. Multiple employees have expressed discomfort parking their cars on site to report to work, as they believe Union representatives are observing the parking lot, waiting to identify vehicles of employees who may choose to work, in order to contact them and tell them not to cross the picket line. An employee

observed a Union representative driving around the facility, looking at cars parked at the facility.

31. On July 22 and 23, 2025, an employee requested that management drive him to his car, which was parked away from the facility, in order to avoid being seen by the Union after having been onsite.

32. Local 542's actions violated Articles 21 and 22 of the CBA.

## VIII. PLAINTIFF INCURRED DAMAGES AS A RESULT OF DEFENDANTS' BREACHES OF THE CBA

33. In order to continue to provide Plaintiff's customers with continuous service, including medical facilities that require Plaintiff's products in order to operate on and care for patients, Plaintiff has incurred additional costs in order to continue operating and delivering its products during the strikes.

34. These additional costs are approximately $200,000 to date, and the damages are likely to be substantially greater if Local 542 continues to breach the CBA.

35. These damages were incurred because of Local 542's breaches of the CBA.

## COUNT ONE:
## DECLARATORY JUDGMENT

36. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1-33 above.

37. By the actions described above, Local 542, acting in concert with the IBT, has violated Articles 21 and 22 of the CBA.

38. Plaintiff requests the Court issue a declaratory judgment that Defendants' failure to do everything their power to prevent the extension of picket lines to the San Diego facility and their actions to cause, authorize, ratify or engage in a sympathy strike or other strike, picketing, walkout, slowdown, or work stoppage at the San Diego facility are in violation of Articles 21 and 22 of the CBA.

## COUNT TWO:
## DAMAGES FOR BREACH OF CONTRACT

39. The Plaintiff repeats, realleges, and incorporates by reference paragraphs 1-33 above.

40. The CBA is a valid and enforceable contract.

41. By the actions described above, Local 542, acting in concert with the IBT, has violated Articles 21 and 22 of the CBA.

42. Plaintiff has suffered damages of approximately $200,000 to date as a result of Defendants' violations of Articles 21 and 22 of the CBA, and the damages are likely to be substantially greater if Local 542 continues to breach the CBA.

WHEREFORE, Plaintiff prays:

1. That this Court issue a declaratory judgment that Defendants, by their acts and conduct, have breached Articles 21 and 22 of the CBA;
2. That this Court award Plaintiff monetary damages caused by Defendants' breaches of the CBA in the amount of all costs incurred by Plaintiff as a result of Defendants' breaches,
3. That this Court award Plaintiff's reasonable attorney's fees and costs incurred in bringing this action;
4. That this Court grant Plaintiff such other and further relief as this Court deems just and proper.

Dated:   August 15, 2025            MORGAN, LEWIS & BOCKIUS LLP

By _____
Douglas R. Hart
Jacqueline Dack
Attorneys for Plaintiff
AIRGAS USA, LLC