FERN M. STEINER, ESQ.
STATE BAR NO. 118588
FERN STEINER LAW, APC
1455 Frazee Road, Suite 500
San Diego, CA 92108
Telephone: (619) 941-6108
E-Mail: fsteiner@fsteinerlaw.com

Attorneys for Defendant
TEAMSTERS LOCAL 542

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRGAS USA, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>TEAMSTERS LOCAL 542; and INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br><br>  Defendants. | CASE NO. 3:25-cv-1889-RBM-MMP<br><br>ANSWER BY DEFENDANT TEAMSTERS LOCAL 542 TO AMENDED COMPLAINT FOR BREACH OF CONTRACT UNDER SECTION 301 OF THE LABOR MANAGEMENT RELATIONS ACT<br><br>Amended Complaint Filed: 8/15/2025<br>Trial Date: None Set<br>District Judge: Ruth Bermudez Montengegro<br>Magistrate Judge: Michelle M. Pettit |

Defendant TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS LOCAL UNION NO. 542 ("Local 542") answers the Amended Complaint of Plaintiff AIRGAS USA, LLC ("Airgas") for Breach of Contract Under Section 301 of the Labor Management Relations Act as follows:

### I. SUMMARY OF THE ACTION

1. Local 542 lacks sufficient information or belief to enable it to answer the allegations contained in paragraph 1 of the Amended Complaint, and on that basis denies each and every allegation contained in paragraph 1 of the Amended Complaint.

2. Local 542 lacks sufficient information or belief to enable it to answer the allegations contained in paragraph 1 of the Amended Complaint, and on that basis denies each and every allegation contained in paragraph 1 of the Amended Complaint.

3. Local 542 admits that Airgas and Local 542 are parties to a collective bargaining agreement ("CBA") effective from June 1, 2024 through May 31, 2027.

4. Local 542 further admits that Article 22 of the CBA, prohibits strikes and lockouts except as otherwise provided in the CBA. Local 542 further states the fact to be that Article 21 of the CBA "Crossing Picket Lines" allows employees to honor an extension of a picket line that has been "approved by the Joint Council of the Teamsters in the territory in which the strike takes place." Article 21 of the CBA provides in pertinent part:

> ARTICLE 21 - CROSSING PICKET LINES
>
> The Union is not in favor of picket lines and will do everything in its power to prevent the extension of such to the location covered by this Agreement, and will not require its members to recognize any such picket until it has been approved by the Joint Council of the Teamsters in the territory in which the strike takes place.
>
> An employee will not be discharged or disciplined for his refusal to cross a primary picket line at a customer job site, provided that the Joint Council of Teamsters 42 has sanctioned the picket line and given the Employer whenever possible at least twenty four (24) hours prior notice of the establishment and its approval of such picket line. The right to honor picket lines at customer sites does not include an employee's refusal to cross picket lines at hospitals and healthcare facilities or utility companies; such refusals shall subject the offending employee to discipline or discharge.

Local 542 denies each and every remaining material allegation set forth in paragraph 4 of the Amended Complaint

5. Local 542 denies each and every allegation contained in paragraph 5 of the Amended Complaint.

6. Local 542 denies each and every allegation contained in paragraph 6 of the Amended Complaint.

7. Local 542 denies each and every allegation contained in paragraph 7 of the Amended Complaint.

## II. THE PARTIES

8. Local 542 admits that Plaintiff is an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, and the definitions contained in Sections 2(2) and 501(1) and (3) of the LMRA, 29 U.S.C. §152(2) and 29 U.S.C. §142(1) and (3). Local 542 lacks sufficient information or belief to enable it to answer the remaining material allegations contained in paragraph 8 of the Amended Complaint, and on that basis denies each and every remaining material allegation contained in paragraph 8 of the Amended Complaint.

9. Local 542 admits the allegations contained in paragraph 9 of the Amended Complaint.

10. Local 542 admits that it is and at all times relevant was a "labor organization" representing employees in industries affecting commerce within the meaning of 29 U.S.C. §§152(5) and 185. Local 542 admits that it is exclusive representative of drivers and production operators at the San Diego facility of Airgas. Local 542 denies each and every remaining material allegation contained in paragraph 5 of the Complaint.

## III. JURISDICTION AND VENUE

11. Local 542 lacks sufficient information or belief to enable it to answer the allegations contained in paragraph 11 of the Amended Complaint and on that basis denies each and every allegation contained in paragraph 11 of the Amended Complaint

12. Local 542 admits that the acts alleged as wrongful by Local 542 occurred in San Diego County, California which is situated in the Southern District of California. Local 542 further admits that Local 542 maintains its principal office and place of business in San Diego, California. Local 542 denies each and every remaining material allegation contained in paragraph 12 of the Amended Complaint.

## IV. THE COLLECTIVE BARGAINING AGREEMENT

13. Local 542 admits the allegations contained in paragraph 13 of the Amended Complaint.

14. Local 542 admits that Article 22 of the CBA, prohibits strikes and lockouts except

as otherwise provided in the CBA. Local 542 further states the fact to be that Article 21 of the CBA "Crossing Picket Lines" allows employees to honor an extension of a picket line that has been "approved by the Joint Council of the Teamsters in the territory in which the strike takes place." Article 21 of the CBA provides in pertinent part:

> ARTICLE 21 - CROSSING PICKET LINES
>
> The Union is not in favor of picket lines and will do everything in its power to prevent the extension of such to the location covered by this Agreement, and will not require its members to recognize any such picket until it has been approved by the Joint Council of the Teamsters in the territory in which the strike takes place.
>
> An employee will not be discharged or disciplined for his refusal to cross a primary picket line at a customer job site, provided that the Joint Council of Teamsters 42 has sanctioned the picket line and given the Employer whenever possible at least twenty four (24) hours prior notice of the establishment and its approval of such picket line. The right to honor picket lines at customer sites does not include an employee's refusal to cross picket lines at hospitals and healthcare facilities or utility companies; such refusals shall subject the offending employee to discipline or discharge.

Local 542 further admits that Article 22 - No Strike or Lockout section 1 is set out in relevant part in paragraph 14 of the Amended Complaint. Local 542 denies each and every remaining material allegation contained in paragraph 14 of the Amended Complaint.

## V. THE STRIKE AT THE LINCOLN PARK, NJ FACILITY

15. Local 542 admits that Teamsters Local 701 represents employees employed by Airgas in New Jersey. Local 542 lacks sufficient information or belief to enable it to answer the remaining material allegations contained in paragraph 15 of the Amended Complaint, and on that basis denies each and every remaining material allegation contained in paragraph 15 of the Amended Complaint.

16. Local 542 lacks sufficient information or belief to enable it to answer the allegations contained in paragraph 16 of the Amended Complaint, and on that basis denies

1 | each and every allegation contained in paragraph 16 of the Amended Complaint.

17. Local 542 lacks sufficient information or belief to enable it to answer the allegations contained in paragraph 17 of the Amended Complaint, and on that basis denies each and every allegation contained in paragraph 17 of the Amended Complaint.

18. Local 542 admits that Local 701 went on strike. Local 542 lacks sufficient information or belief to enable it to answer the remaining material allegations contained in paragraph 18 of the Amended Complaint, and on that basis denies each and every remaining material allegation contained in paragraph 18 of the Amended Complaint.

### VI. THE STRIKE AT THE VALLEY VIEW, OH FACILITY

19. Local 542 admits that Teamsters Local 507 represents employees employed by Airgas in Ohio. Local 542 lacks sufficient information or belief to enable it to answer the remaining material allegations contained in paragraph 19 of the Amended Complaint, and on that basis denies each and every remaining material allegation contained in paragraph 19 of the Amended Complaint.

20. Local 542 lacks sufficient information or belief to enable it to answer the allegations contained in paragraph 20 of the Amended Complaint, and on that basis denies each and every remaining material allegation contained in paragraph 20 of the Amended Complaint.

21. Local 542 admits that Local 507 went on strike against Airgas. Local 542 lacks sufficient information or belief to enable it to answer the remaining material allegations contained in paragraph 21 of the Amended Complaint, and on that basis denies each and every remaining material allegation contained in paragraph 21 of the Amended Complaint.

### VII. DEFENDANTS EXTENDED PICKET LINES FROM THE LINCOLN PARK FACILITY AND OTHER FACILITIES TO THE SAN DIEGO FACILITY

22. Local 542 admits that the IBT publicly communicated that Teamsters Local 507 in Cleveland, Ohio and Local 701 in New Brunswick, N.J. had extended picket lines to eight locations across Massachusetts, New Hampshire, New York, Pennsylvania and Rhode Island. Local 542 lacks sufficient information or belief to enable it to answer the remaining material

allegations contained in paragraph 22 of the Amended Complaint, and on that basis denies each and every remaining material allegation contained in paragraph 22 of the Amended Complaint.

23. Local 542 admits that on July 22, 2025 picketers from Local 507 extended their primary picket line to the Airgas facility in San Diego and that some of the picketers wore T-shirts that said "Local 507" on them. Local 542 further admits that some Airgas employees in accordance with the collective bargaining agreement chose to honor the primary picket line extension and did not report to work. Local 542 denies each and every remaining material allegation contained in paragraph 23 of the Amended Complaint.

24. Local 542 admits that Local 507 extended its primary picket line to the San Diego Airgas facility on July 23 and 24, 2025 and that some Airgas employees in accordance with the collective bargaining agreement chose to honor the primary picket line extension and did not report for work. Local 542 denies each and every remaining material allegation in paragraph 24 of the Amended Complaint.

25. Local 542 lacks sufficient information or belief to enable it to answer the remaining material allegations contained in paragraph 25 of the Amended Complaint, and on that basis denies each and every remaining material allegation contained in paragraph 25 of the Amended Complaint.

## VII. DEFENDANTS ENCOURAGED AND INCENTIVIZED SAN DIEGO EMPLOYEES TO ENGAGE IN WORK STOPPAGES

26. Local 542 admits that it distributed to Airgas employees at the San Diego facility a flyer stating the employee's right to choose to honor a primary picket line and that stated "Local542 cannot and will not call a sympathy strike because our contract prohibits it." Local 542 denies each and every remaining material allegation in paragraph 26 of the Amended Complaint.

27. This allegation is brought against Defendant IBT and on that basis Local 542 is not answering the allegation.

28. Local 542 denies each and every allegation contained in paragraph 28 of the

Amended Complaint.

29. Local 542 denies each and every allegation contained in paragraph 29 of the Amended Complaint.

30. Local 542 denies each and every allegation contained in paragraph 30 of the Amended Complaint.

31. Local 542 lacks sufficient information or belief to enable it to answer the allegations contained in paragraph 31 of the Amended Complaint, and on that basis denies each and every allegation contained in paragraph 31 of the Amended Complaint.

32. Local 542 denies each and every allegation contained in paragraph 31 of the Amended Complaint.

## VIII. PLAINTIFF INCURRED DAMAGES AS A RESULT OF DEFENDANTS' BREACHES OF THE CBA

33. Local 542 denies each and every material allegation contained in paragraph 32 of the Amended Complaint.

34. Local 542 denies each and every allegation contained in paragraph 33 of the Amended Complaint.

35. Local 542 denies each and every allegation contained in paragraph 34 of the Amended Complaint.

## COUNT ONE:

## DECLARATORY JUDGMENT

36. Local 542 incorporates by reference paragraphs 1-33 above, as though fully set forth at this point

37. Local 542 denies each and every allegation contained in paragraph 37 of the Amended Complaint.

38. Local 542 denies each and every allegation contained in paragraph 38 of the Amended Complaint. Local 542 further states the fact to the that Airgas has failed to adequately plead a cause of action for declaratory relief under the Federal Rules of Civil Procedure. Local 542 further states the fact to be that other than quoting the CBA, Airgas

has pled no facts as to Local 542's actions to prevent the extension of the picket lines to San Diego and what it is alleging 4Local 542 failed to do. Honoring a primary picket line as the CBA allows is not causing, authorizing, ratifying or engaging in a strike in violation of the CBA.

## COUNT TWO:
## DAMAGES FOR BREACH OF CONTRACT

39. Local 542 incorporates by reference paragraphs 1-33 above, as though fully set forth at this point

40. Local 542 admits that the CBA is a valid and enforceable contract.

41. Local 542 denies each and every allegation contained in paragraph 41 of the Amended Complaint.

42. Local 542 denies each and every allegation contained in paragraph 42 of the Amended Complaint.

As separate and distinct affirmative defenses Local 542 alleges:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to assert a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Local 542 acted in accordance with the CBA between Airgas and Local 542, Article 21 which gives Local 542 and the employees the right to honor a primary picket line approved by Teamsters Joint Council 41 which is extended to San Diego. On July 22, 2025, a lawful primary picket line of Teamsters Local 507, was extended to the San Diego Airgas facility. The extension of the primary picket line was approved by Teamsters Joint Council 41, the Joint Council in Ohio. A primary picket line protesting unfair labor practices was in effect at the Airgas facility in Ohio at the time of the extension of the primary picket line. Local 507's extension of its primary picket line to the Airgas location in San Diego was approved by Teamsters Joint Council 42, the Joint Council that includes San Diego.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff in its Prayer for Relief (1) in seeking declaratory relief is improperly seeking

to have this court in effect enjoin the collectively bargained right to honor a primary picket line. Such an injunction would be unlawful and in violation of the Norris-LaGuardia Act, 29 U.S.C. §101 et seq. There was a labor dispute as defined in Norris-LaGuardia, 29 U.S.C. §113(c), concerning unfair labor practices by Airgas at the Ohio Airgas facility.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff in its Prayer for Relief (1) in seeking declaratory relief is improperly seeking to have this court in effect enjoin the collectively bargained right to honor a primary picket line. Such an injunction would be unlawful and in violation of the The Moscone Act, California Code of Civil Procedure section 527.3 which says that peaceful picketing and similar activities, in connection with a labor dispute, "shall be legal, and no court nor any judge nor judges thereof, shall have jurisdiction to issue any restraining order or preliminary or permanent injunction which, in specific or general terms, prohibits any person or persons, whether singly or in concert, from" engaging in such conduct.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff in its Prayer for Relief (1) is improperly seeking to have this court in effect enjoin the collectively bargained right to honor a primary picket line. Such an injunction would be unlawful and in violation of Labor Code Section 1138.1 which provides that no injunction shall be granted in connection with a labor dispute unless the court finds, after an evidentiary hearing with live witnesses, that an injunction is necessary to prevent "unlawful acts" that "have been threatened and will be committed" or that "have been committed and will be continued" absent an injunction; that irreparable injury will occur; that the harm to the plaintiffs if an injunction is not issued outweighs the harm to the defendants if it is; that the plaintiff lacks an adequate remedy at law; and that public officers are unwilling or unable to "furnish adequate protection" to the plaintiffs.

### SIXTH AFFIRMATIVE DEFENSE

There was no clear waiver of the right to honor a primary picket line given the language in Article 21 of the CBA.

///

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages and is thereby barred from recovery of damages.

### EIGHTH AFFIRMATIVE DEFENSE

Local 542's actions were undertaken in good faith and were in accordance with the CBA, business practices and necessity and therefore all claims against Local 542 are barred in part or in whole.

### NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has suffered any damages as a result of the acts alleged in the Complaint, persons and entities other than Local 542 are negligent and/or at fault in connection with those acts, and by reason thereof, Plaintiff's right of recovery from Local 542 should be reduced by that amount which the negligence and fault of persons and entities other than Local 542 contributed to any damages.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Prayer for Relief (3) for attorney's fees fails as a matter of law. The case brought against Local 542 is contractual in nature. No provision of the CBA authorizes the award of attorney's fees for an alleged breach of the CBA and no statute authorizes fee shifting in cases brought under 29 U.S.C. Section 185. The "American Rule" that each party to a lawsuit pay its own attorney's fees is applicable. No exception is applicable. Plaintiff's claim for attorney's fees must be dismissed.

### ELEVENTH AFFIRMATIVE DEFENSE

Local 542 reserves the right to raise any other statutory affirmative defense it may discover in the course of these proceedings including but not limited to affirmative defense that the cause of action is barred by that statute.

WHEREFORE, Local 542 prays for judgment as follows:

1. That Plaintiff takes nothing by reason of its Complaint;
2. That judgment be entered in favor of Defendant Local 542;
3. That Local 542 recover its costs, including reasonable attorneys' fees if they

are permitted under an exception or Rule 11 of the F.R.C.P., of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

DATED: August 28, 2025             FERN STEINER LAW, APC


BY: /s FERN M. STEINER
Email: fsteiner@fsteinerlaw.com
Attorneys for Defendant TEAMSTERS LOCAL 542

11
CASE NO. 3:25-cv-1889-RBM-MMP